# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DANIEL VEGA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC, TRANS | ) | |
| UNION, LLC, EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, | ) | |
| AND UPSTART HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, DANIEL VEGA ("Plaintiff"), by and through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and UPSTART HOLDINGS, INC. ("Experian" "Trans Union" and "Equifax" and "Upstart" respectively and "Defendants" collectively):

### INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

1

**JURISDICTION AND VENUE**

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

4. Plaintiff is a natural person residing in the City of Chicago, Cook County, State of Illinois.

5. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

6. Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

7. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

8. Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a

corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

9. At all relevant times Defendants Experian, Trans Union and Equifax were each a "consumer reporting agency" as that term is defined by the FCRA.

10. Defendant Upstart regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

11. At all relevant times, Defendant Upstart was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

12. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

13. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

14. Defendants Experian, Trans Union, and Equifax have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

15. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: Upstart/Finwise.

16. In or around January 2023, February 2024 and April 2024, Plaintiff sent a written dispute to Defendants Experian, Trans Union and Equifax informing it of the inaccurate reporting of the trade-line.

17. Plaintiff's disputes explained that the alleged debt was discharged in Plaintiff's bankruptcy proceedings on July 10, 2023.

18. Plaintiff provided a copy of the bankruptcy discharge order to show that the alleged debt was in fact discharged on July 10, 2023.

19. Plaintiff requested that Defendants Experian, Trans Union and Equifax correct the inaccuracy.

20. In response to Plaintiff's disputes, Defendant Upstart informed Plaintiff that it refused to investigate the dispute.

21. Defendants Experian, Trans Union, and Equifax did not respond to Plaintiff's disputes.

22. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

23. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

24. On several occasions, Plaintiff sent a dispute letter to Defendants Experian, Trans Union, Equifax, and Upstart by written communication to their

representatives [and by following Defendants Experian, Trans Union, Equifax, and Upstart's established procedure for disputing consumer credit information].

25. Upon information and belief, all Defendants received Plaintiff's disputes.

26. All Defendants continued to report the inaccurate trade-line.

27. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about Plaintiff.

28. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

29. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30. Plaintiff has been damaged, and continues to be damaged, in the following ways:

a.  Impeded Plaintiff's ability to obtain credit;

b.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

c.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

d.  Decreased credit score which may result in inability to obtain credit on future attempts.

**COUNT I**
**DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT**

31. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

a.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b.  Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C.

§1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

33. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, DANIEL VEGA, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

34. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

35. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

36. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

37. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

39. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

41. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, DANIEL VEGA, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

42. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

43. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

44. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

45. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

47. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

48. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

49. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, DANIEL VEGA, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

50. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

51. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

52. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

53. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

54. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT UPSTART VIOLATED THE FAIR CREDIT REPORTING ACT

55. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

56. Defendant Upstart violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

   b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

e.  Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

57. Upstart's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Upstart is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, DANIEL VEGA, respectfully requests judgment be entered against Defendant, UPSTART HOLDINGS, INC., for the following:

a.  All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b.  Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d.  Punitive damages and equitable relief, including enjoining Defendant

from further violations, pursuant to Fair Credit Reporting Act, 15

U.S.C. § 1681n(a); and

e.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

July 1, 2024               By: /s/Shireen Hormozdi Bowman
                                Shireen Hormozdi Bowman
                                SBN: 366987
                                Hormozdi Law Firm, LLC
                                1770 Indian Trail Lilburn Road
                                Norcross, GA 30093
                                Tel: 678-395-7795
                                Fax: 866-929-2434
                                shireen@norcrosslawfirm.com
                                Attorney for Plaintiff